**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PATRICK NEIL KINNEY,

    Petitioner,                                                   Case No. 2:08-CV-11044

v.                                                             HON. AVERN COHN

GREG McQUIGGIN,

    Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Patrick Neil Kinney, ("Petitioner"), is a state inmate who is currently confined at the Alger Maximum Correctional Facility in Munising, Michigan, where he is serving a sentence of life imprisonment for the crime of second-degree murder, Mich. Comp. Laws § 750.317.[1] Petitioner has filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, has filed a response, arguing that the petition is barred by the one year statute of limitations and that petitioner's claim lacks merit. For the reasons which

---

[1]When petitioner filed his petition, he was incarcerated at the Baraga Maximum Correctional Facility. He has since been transferred to the Alger Maximum Correctional Facility. The proper respondent in a habeas case is the warden of the facility where the petitioner is incarcerated. While the Court typically would amend the caption to reflect the proper respondent as Catherine S. Bauman, the warden of Alger Maximum Correctional Facility, the Court declines to do so in light of the fact that the petition will be dismissed.

follow, the petition will be denied for lack of merit.

## II. Procedural History

Petitioner was originally charged with open murder.[2] Although petitioner was sixteen years old at the time of the offense, he was charged as an adult. On June 19, 1995, petitioner pleaded guilty to a reduced charge of second-degree murder. On January 7, 1997, petitioner was sentenced to life in prison.

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. People v. Kinney, No. 208731 (Mich.Ct.App. May 21, 1998). Petitioner did not seek leave to appeal with the Michigan Supreme Court following the denial of his appeal by the Michigan Court of Appeals.

Petitioner subsequently filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, et. seq., which the trial court denied. People v. Kinney, No. 95-052345-FC (Genesee County Cir. Ct. Mar. 30, 1999). The Michigan Court of Appeals and Michigan Supreme court denied leave to appeal. People v. Kinney, No. 226208 (Mich. Ct. App. July 20, 2000); lv. den. 463 Mich. 976 (2001).

Petitioner then filed a petition for writ of habeas corpus in this district, which was denied. Kinney v. Jamrog, Case No. 01-CV-71124 (E.D. Mich. April 23, 2002). The Court of Appeals for the Sixth Circuit dismissed the appeal and the Supreme Court denied certiorari. Kinney v. Jamrog, Case No. 02-2304 (6th Cir. June 3, 2003), cert. den. 540 U.S. 1054 (2003).

---

[2]Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. Hastings v. Yukins, 194 F. Supp. 2d 659, 662, n. 2 (E.D. Mich. 2002).

On February 21, 2006, Petitioner filed a second post-conviction motion for relief from judgment and for a resentencing, in which he raised the claim that he presents in his current petition. That is, Petitioner says that the Supreme Court's decision in Roper v. Simmons, 543 U.S. 551 (2005), in which Supreme Court held that the Eighth Amendment prohibits the death penalty for offenders who were under the age of eighteen at the time that they committed the murder, entitles him to relief. The trial court denied the motion after a hearing on February 27, 2006. People v. Kinney, No. 95-052345-FC (Genesee County Cir. Ct. Mar. 20, 2006). The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal. People v. Kinney, No. 272602 (Mich. Ct. App. April 19, 2007); lv. den. 479 Mich. 868 (2007).

Petitioner then filed a motion in the Court of Appeals for the Sixth Circuit for permission to file a second petition pursuant to 28 U.S.C. § 2244(b). On March 6, 2008, the Sixth Circuit granted Petitioner permission to file a second habeas petition raising the claim that the Supreme Court's decision in Roper entitles him to relief. In Re Kinney, Case No. 07-2049 (6th Cir. Mar. 6, 2008).

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief based on Roper, phrasing his claim as follows:

> Sentence based on inaccurate information in violation of the 14th Amendment due process.

### III. Facts

The report and recommendation of the magistrate judge, adopted by the district court, on Petitioner's prior habeas petition accurately summarizes the facts:

> On March 8, 1995, Petitioner, then age 16, and his friend, David Michael Melfi, murdered Mr. Melfi's 15-year-old twin brother, Michael David Melfi,

3

so that they could steal Mr. Melfi's mother's van and run away. Petitioner admitted that Mr. Melfi held his brother down while Petitioner stabbed the victim at least 45 times. Immediately after the murder, Petitioner and Mr. Melfi fled first to Toledo, Ohio and then to Bowling Green, Ohio, where Mr. Melfi was arrested for shoplifting a pack of cigarettes and returned to Michigan. Petitioner then hitchhiked to Jacksonville, Florida, where he later called his father and told him that he wished to turn himself in to the police.

Petitioner surrendered himself to the Flint Police Department on April 18, 1995, and was charged with Open Murder, M.C.L. 750.316; M.S.A. 28.548 of Michael David Melfi. On June 19, 1995, Petitioner entered a negotiated plea of guilty to Second Degree Murder, M.C.L. 750.317; M.S.A. 28.549, in exchange for his truthful testimony against David Michael Melfi. On January 7, 1997, Petitioner was sentenced to life in prison.

## IV. Analysis

### A. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); Harpster v. State of Ohio, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case.

4

Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

### B. The Statute of Limitations

Respondent contends that the petition should be dismissed as being untimely because it was not filed in compliance with the statute of limitations found in 28 U.S.C. § 2244(d)(1). Respondent says that the petition is time-barred, because it was filed almost six years after petitioner's conviction became final. Petitioner, by contrast, argues that the one year statute of limitations did not accrue until the United States Supreme Court issued its decision in Roper on March 1, 2005.

28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review, for purposes of this section or 28 U.S.C. § 2255 ¶ 6(3), the analogous provision of the statute of limitations for federal motions to vacate sentence. See Wiegand v. United States, 380 F. 3d 890, 892-93 (6th Cir. 2004).

Several courts, including a judge in this district, have held that because the Roper decision prohibits the execution of defendants who were under eighteen at the time of their ofense, it has no relevance to cases in which a habeas petitioner is

5

challenging a prison sentence, and therefore cannot be applied retroactively in such cases to delay the commencement of the one year limitations period. See Smith v. Howes, No. 2007 WL 522697, * 1 (E.D. Mich. February 14, 2007)(Roberts, J.); See also Byrd v. Quarterman, No. 2008 WL 4427265, *2 (N.D. Tex. September 26, 2008); Schane v. Cain, No. 2007 WL 4967081, *3 (W.D. La. October 24, 2007); Douma v. Workman, No. 2007 WL 2331883, *3 (N.D. Okla. August 13, 2007). On the other hand, by granting Petitioner permission to file a second petition in this case, the Sixth Circuit appears to believe that the decision in Roper can be applied retroactively to a case where a habeas petitioner is challenging a prison sentence, as opposed to a death sentence.

Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. See Smith v. State of Ohio Dept. of Rehabilitation, 463 F. 3d 426, 429, n. 2 (6th Cir. 2006). Thus, the Court need not resolve the dispute over the timeliness of petitioner habeas application. Assuming without deciding that the current petition was timely, Petitioner's habeas application fails on the merits, as explained below.

### C. The Merits

Petitioner says that the trial court used inaccurate information in deciding to sentence petitioner to life in prison. Petitioner points to the trial court comments at the time of the original sentencing that in some other states, Petitioner could have faced the death penalty for his crime. Because Petitioner was sixteen at the time of the murder, Petitioner claims that this information is inaccurate, in light of the Supreme

6

Court's ruling in Roper that defendants cannot be executed for crimes that they committed before they were eighteen years old.

A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." Roberts v. United States, 445 U.S. 552, 556 (1980) (quoting United States v. Tucker, 404 U.S. 443, 447 (1972)). In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. Collins v. Buchkoe, 493 F. 2d 343, 345-346 (6th Cir. 1974); Welch v. Burke, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999). Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. Thomas v. Foltz, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

Petitioner's claim lacks merit. Roper was not decided by the Supreme Court until 2005, some eight years after Petitioner's sentence. First, at the time of Petitioner's crime, some twenty states permitted the execution of juvenile defendants. Roper, 543 U.S. at 579-80. Because a number of states permitted the execution of juveniles at the time of petitioner's sentencing, the trial court did not rely on materially false information in fashioning sentence.

Secondly, in sentencing Petitioner the trial court carefully reviewed and considered the circumstances of the crime and information from a psychologist, none of which is contended to be inaccurate. The trial court stated that he believed that the nature of the killing, the plan, the motive, was "so nonsensical and violent... that in some other states you could be facing the death penalty." The trial court noted that

there was no "real motive" for this murder, other than to steal a van. The trial court indicated that the murder was "brutal" and "repugnant." The trial court indicated that Petitioner could have interrupted this killing as the victim was "crying for mercy," noting that there were forty two stab wounds in this case. The trial court also mentioned that the psychologist's report showed that Petitioner had a sense of disturbance and isolation in interpersonal relationships, that Petitioner tended to "narrow or simplify complex or ambiguous environmental stimulus situations to produce impulsive behavior." The trial court also noted that the psychologist's report further indicated that Petitioner's profile on the clinical scales was consistent with persons who alter between periods of insensitivity and the consequences of their behavior and excessive concern about the effects of their actions. Alhough such individuals are remorseful for their behavior, it does not often inhibit future episodes of acting out. The trial court noted that the psychologist's report went on to state that the remorse that Petitioner was currently expressing might not "inhibit some rash, impulsive, dangerous act 20 years from now." (Sent. Tr. pp. 18-22).

Third, in denying Petitioner's second motion for relief from judgment in which he requested a resentencing, the trial court indicated that he knew that Michigan was not a capital punishment state at the time of sentencing and was not limiting his logic to capital punishment crimes. The trial court further indicated that although he had served twenty years on the bench and had handled over 250 murder cases, "This act of murder was more shocking and more memorable to me than any case I've ever handled."

Because Petitioner has failed to show that the factors considered by trial court at

sentencing were materially false or improperly considered, he is not entitled to habeas relief on his claim.

## V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED.**

**SO ORDERED.**


Dated: December 9, 2008    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Patrick Kinney, 253729, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862 and the attorneys of record on this date, December 9, 2008, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160