UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK NEIL KINNEY,

    Petitioner,

v.

GREG McQUIGGIN,

    Respondent.

_____/

Case No. 2:08-CV-11044

HON. AVERN COHN

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Patrick Neil Kinney, ("Petitioner"), a state inmate serving a life sentence for a murder committed when he was a juvenile, filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent argued that the petition was untimely and lacked merit. The Court denied the petition for lack of merit. See Memorandum and Order Denying Petition for Writ of Habeas Corpus, filed December 9, 2008. Before the Court is Petitioner's motion for a certificate of appealability. For the reasons that follow, the motion is DENIED.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120

S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Petitioner claimed that his constitutional rights were violated at sentencing based on the Supreme Court's decision in Roper v. Simmons, 543 U.S. 551 (2005), in which Supreme Court held that the Eighth Amendment prohibits the death penalty for offenders who were under the age of eighteen at the time that they committed the murder, entitles him to relief. However, as fully explained in the Court's December 9, 2008 decision, Petitioner is not entitled to relief based on Roper for several reasons,

2

including that the trial court, in denying Petitioner's second motion for relief from judgment in which he requested a resentencing, the trial court indicated that he knew that Michigan was not a capital punishment state at the time of sentencing and was not limiting his logic to capital punishment crimes.  The trial court further indicated that although he had served twenty years on the bench and had handled over 250 murder cases, "This act of murder was more shocking and more memorable to me than any case I've ever handled."  Thus, Petitioner has not shown that the factors considered by trial court at sentencing were materially false or improperly considered.  Reasonable jurists would not debate this conclusion.[1]

SO ORDERED.


**Dated:  January 6, 2009**          **s/Avern Cohn**
                                     **AVERN COHN**
                                     **UNITED STATES DISTRICT JUDGE**


I hereby certify that a copy of the foregoing document was mailed to Patrick Kinney, 253729, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862 and the attorneys of record on this date, January 6, 2009, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                     Case Manager, (313) 234-5160

---

[1] Petitioner makes much of the fact that the Court of Appeals for the Sixth Circuit granted him permission to file this successive petition raising a claim under Roper.  That the Sixth Circuit granted permission does not speak to the merits of the claim.